## JOSHUA BURNHAM *vs.* LAODICEA CHAPMAN.

The *stat.* 1821, *c.* 170, having expressly provided, that in regard to male children bound out, provision shall be made in the deed, that they shall be instructed to read, write and cypher; the omission of such provision is fatal to the validity of such indentures.

To substitute for the statute requirement, a covenant by the master, *to see that the minor is properly educated and instructed,* is not sufficient.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit to recover a sum of money for the labor and services of one *Jeremiah Lowell,* on the ground that *Lowell* was the apprentice of the plaintiff. To show that *Lowell* was his apprentice, he proved that on *April* 20, 1832, that *Lowell,* then about thirteen years of age, was supported by the town of *Bucksport;* and offered in evidence an indenture, dated the same day, by which the overseers of the poor of *Bucksport* undertook to bind out *Lowell* to the plaintiff, as his apprentice until he became twenty-one years of age. To the admission of this indenture the defendant objected, because it was not in conformity with the provisions of the statute. The objection was overruled, and the indenture was read to the jury. The covenants in the indenture on the part of *Burnham* were the following. " And the said *Burnham* on his part covenants and agrees to keep and provide for said minor all good meat, drink and clothing necessary during said time ; to see that he is properly educated and instructed, and to use his best endeavors to see that he is properly qualified for usefulness both for himself and for the public ; and at the expiration of said term to give him two good suits of wearing apparel, one for working, and one for the Lord's day."

A verdict having been returned for the plaintiff, the defendant excepted.

*Kent,* for the defendant, contended, that the papers offered and admitted as indentures did not conform either to the letter or spirit of the statute, authorizing overseers of the poor to bind out children, and therefore were void and inoperative. *Stat.* 1821, *c.* 170; *Butler* v. *Hubbard,* 5 *Pick.* 250 ; 3 *Sergt. & R.* 158 ; *Nickerson* v. *Easton,* 12 *Pick.* 110.

*Poor*, for the plaintiff contended, that as this purported to be a binding out to the plaintiff by the overseers, and as there was a mode pointed out in the *stat.* 1821, *c.* 170, § 3, for discharging the minor from his indentures, that it is not competent for the defendant here to set up any irregularity in the indentures. It is the same in principle as *Knox* v. *Jenks*, 7 *Mass. R.* 488. Being an apprentice *de facto* is sufficient to support the action against a wrongdoer. 6 *Johns.* 276; 12 *Johns. R.* 188. Here was however a substantial compliance with the provisions of the statute, and that is sufficient. *Bowes* v. *Tibbets*, 7 *Greenl.* 457 ; *Dodge* v. *Hills*, 13 *Maine R.* 151.

The opinion of the Court was by

WESTON C. J: — It is incumbent on the plaintiff, before he can maintain an action, to show that he is legally entitled to the services of the minor. The title he sets up is in virtue of indentures, executed by himself and the overseers of the poor of the town of *Bucksport.* He relies upon a binding under the sixth section of the act for the relief of the poor. *Statute* of 1821, *c.* 122. It is there expressly required, that in regard to male children bound out, provision shall be made in the deed, that they shall be instructed to read, write and cypher. This provision *is too* important to be disregarded ; and its omission in the indentures in question, must be held fatal to their validity. The overseers were not at liberty to substitute the opinion of the master, as to what might be necessary to qualify the child for usefulness. The plaintiff having no other right to the services of the minor, the verdict cannot be supported.

*Exceptions sustained.*